The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 11 |
| I.E. LIQUIDATION, INC., | ) |
| | ) CASE NO. 06-62179 |
| Debtor. | ) |
| | ) ADV. NO. 08-06007 |
| MICHAEL VUCELIC, | ) |
| | ) JUDGE RUSS KENDIG |
| Plaintiff, | ) |
| | ) **MEMORANDUM OF OPINION** |
| vs. | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| IDEAL ELECTRIC COMPANY n/k/a | ) |
| I.E. LIQUIDATION, INC., et al., | ) |
| | ) |
| Defendants. | ) |

Counter-defendant Electric Machinery Company, Inc. (hereinafter "EMC") filed a motion to dismiss Counts I, II and III of the counterclaim filed against them by counter-plaintiff the Official Committee of Unsecured Creditors (hereinafter "the Committee"). The Committee opposed the motion to dismiss. For the reasons stated below, EMC's motion is now granted.

1

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

This Opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On June 28, 2005, a promissory note was executed by the debtor payable to EMC in the principal amount of $3,750,000 (hereinafter "the Note"). At the same time, the debtor entered into two security agreements with EMC. The first security agreement granted EMC a security interest in all of the debtor's then owned or after acquired equipment, and the second security agreement granted EMC a security interest in all of the debtor's then owned or thereafter acquired assets of any kind (hereinafter collectively "the Security Interests"). The Security Interests were perfected by filings with the Ohio Secretary of State on January 4, 2006. On January 9, 2007, EMC assigned to Michael Vucelic EMC's right, title and interest in the security agreements, and the right to collect the balance due under the Note of $1,663,003.95 (hereinafter "the Assignment"). On April 3, 2007, the Court approved the sale of substantially all of the debtor's assets to Hyundai Heavy Industries, Inc. (hereinafter "the Hyundai Sale").

This adversary proceeding centers around a dispute over the proceeds of the Hyundai Sale. On January 30, 2008, plaintiff Vucelic filed an Adversary Complaint to Determine the Validity, Priority or Extent of a Lien or Other Interest in Property. In his complaint, Vucelic alleged that the money received from the Hyundai Sale exceeded the amount needed to pay in full the amount of liens that had priority over the Security Interests and demanded payment.

On September 2, 2008, the Committee answered the complaint by virtue of authority granted in a Gibson order;[1] denied the bulk of the allegations; raised several affirmative defenses; and brought claims against EMC, Michael Vucelic, Inge Perzl Vucelic, and Thomas B. Roller. On August 8, 2009, the Court issued an opinion granting partial summary judgment for the personal counter-defendants on the Counts relating to civil conspiracy and breach of fiduciary duty to a corporation.

Now before the Court is EMC's Motion for Partial Dismissal of Counterclaims, filed on April 3, 2009. EMC seeks dismissal of Counts I, II and III as to EMC. These Counts seek to prevent the counter-defendants from claiming priority over the Committee in the proceeds of the Hyundai Sale. The Committee opposes this relief.

---

[1]Canadian Pac. Forest Prod. Ltd. v. J.D. Irving Ltd. (In re Gibson Group, Inc.), 66 F.3d 1436 (6th Cir. 1995).

2

## LAW AND ANALYSIS

### A. Count I: Recharacterization of the Loan From EMC as Equity Capital

Count I asks the Court, pursuant to its authority under 11 U.S.C. § 105(a), to recharacterize the loan from EMC to the defendant as an infusion of equity capital; to invalidate the Security Interests; and to require EMC return to all interest, costs, principal payments, and other distributions received from the debtor. EMC seeks dismissal of these Counts under Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b).

Rule 12(b)(6) allows a party to seek dismissal if the opposing party's pleadings fail to state a claim on which relief can be granted. To meet the pleading requirements, the claim alleged must be facially plausible. Ashcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (citing Bell Atlantic v. Twombly, 500 U.S. 544, 556 (2007)). A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. To survive a 12(b)(6) motion, the factual allegations in a complaint "must be enough to raise a right to relief above a speculative level." Id. at 570.

Rule 12(b)(1) allows a party to seek dismissal of a claim if the Court does not have subject matter jurisdiction. Subject matter jurisdiction does not exist if the subject of the litigation is moot. "Where there is no real, substantial controversy between parties having adverse legal interests, there is no case or controversy in the constitutional sense." Ahmed v. University of Toledo, 822 F.2d 26, 27 (6th Cir. 1987). The case or controversy requirement "must be satisfied at all stages of review, and not simply on the date when the action is initiated." Id.

The parties argue three primary points in their briefs: first, whether EMC is seeking a distribution from the estate, including from the proceeds of the Hyundai Sale; second, whether Federal Rule of Civil Procedure 25(c) prevents the Court from dismissing EMC; and third, whether 11 U.S.C. § 105(a) provides a cause of action for avoiding transfers. The Court now resolves these disputes in favor of EMC and concludes that dismissal of Court I against EMC is warranted.

### 1. EMC is not Seeking a Distribution from the Estate

EMC contends that it is not seeking to recover property from the estate, including the proceeds of the Hyundai Sale.

The Committee responds that whether or not EMC has an interest in the bankruptcy estate is a disputed issue of fact, which is not subject to resolution under a 12(b) motion. In support of its contention, the Committee points out that a claim was initially filed under the name of EMC before being amended and points out that under Federal Rule of Bankruptcy Procedure 3001(f)

3

the filing of a claim amounts to *prima facie* evidence of the validity and amount of the claim.

However, the Committee's argument is unpersuasive. EMC has made it clear that it is not seeking proceeds from the Asset Sale, and the claims bar date has passed. The Committee cannot compel EMC to seek a distribution from the estate. Because EMC is not seeking a distribution from the estate, EMC has no interest in whether the Security Interests are avoided or the loan recharacterized as equity capital. Accordingly, this part of Claim I does not state a claim against EMC and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Furthermore, because this subject matter is now moot as to EMC, dismissal is also appropriate under 12(b)(1).

### 2. Federal Rule of Civil Procedure 25(c) Does not Provide a Basis for Maintaining EMC as a Party to the Action.

The Committee argues that Federal Rule of Civil Procedure 25(c), as incorporated by Federal Rule of Bankruptcy Procedure 7025, provides an independent basis for maintaining Court I against EMC. Rule 25(c) states:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Under Rule 25(c), the decision to join or substitute a party is within the Court's sound discretion. Federal Deposit Ins. Corp. v. Tisch, 89 F.R.D. 446, 448 (E.D.N.Y. 1981); Moore's Federal Practice (3rd ed.) 25.30[4]. Typically, the Court's decision whether to grant or deny a motion to join or substitute a transferee party is based on considerations of convenience and efficiency. E.g., Otis Clapp & Son, Inc. v. Filmore Vitamin Co., 754 F.2d 738, 743 (7th Cir. 1985).

It is not entirely clear whether Federal Rule of Evidence 25(c) applies in this situation because the transferor and transferee have already been joined to the action. However, even if it did, the Court would exercise its discretion to dismiss Count I as to EMC. As discussed, EMC has no interest in the outcome of Claim I. Furthermore, because Mr. Vucelic is already a party to the lawsuit, the dismissal of EMC will not implicate considerations of judicial convenience and efficiency.

### 3. The Committee Cannot Use Section 105(a) to Avoid Transfers to EMC.

Claim I also asks the court to use its equitable power under section 105(a) to require EMC to return all interest, costs, principal payments, or other distributions associated with the Note. EMC concedes that this part of Claim I would affect EMC's rights. However, EMC argues that dismissal is proper because section 105(a) cannot be used to recover transfers. According to EMC, the Bankruptcy Code contains specific and elaborate provisions for the avoidance of transfers, and "the general grant of equitable power to the bankruptcy courts, as contained in

4

section 105(a), cannot trump specific provisions of the Bankruptcy Code. . . ." In re Price, 383 B.R. 411, 414 (Bankr. N.D. Oh. 2007). Thus, EMC argues, the Committee does not state a claim on which relief can be granted and dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6).

The Court finds EMC's argument persuasive. The Bankruptcy Code provides numerous ways to avoid transfers such as sections 544, 545, 547, 548, 549, and 553(b). Each of these provisions carefully balances the policies of the Bankruptcy Code with the interests of creditors. For this reason, several courts have concluded that bankruptcy courts should not use their equitable powers to tinker with the Code's transfer avoidance provisions. E.g., Geothermal Res., Int'l v. Lumsden (In re Geothermal Res, Int'l), 93 F.3d 648, 651 (9th Cir. 1996) (finding that section 105(a) cannot be used to alter the preference period under section 549(b)); Patterson v. Irwin Mortgage Corp. (In re Patterson), 330 B.R. 631, 641–42 (E.D. Tenn. 2005) (finding that section 105(a) cannot be used as a defense to section 547 preference actions); Lewis v. Superior Bank (In re Lewis), 270 B.R. 215, 217–18 (Bankr. W.D. Mich. 2001) (finding that equitable subordination cannot be used as a defense in a section 547 preference action).

The Committee contends that the Sixth Circuit's decision in Autostyle Plastics provides the basis for an avoidance action under section 510(a). Bayer Corp. v. Masotech, Inc. (In re Autostyle Plastics, Inc.), 269 F.3d 726 (6th Cir. 2001). But the Committee's reliance on Autostyle is misplaced. In Autostyle, the Court considered whether a loan should be recharacterized as equity capital and declined to do so. Id. at 749–53. Therefore, the Court never reached the issue of whether section 105(a) can be used to avoid fraudulent transfers.

Even if the Court had the power to avoid transfers under section 105(a), it would not be inclined to do so. The Court notes that the Committee has pled three statutory mechanisms for claim avoidance: a preference avoidance action under section 547; a fraudulent transfer avoidance action under section 548; and a fraudulent transfer avoidance action under section 1336.04 of the Ohio Revised Code as incorporated through 11 U.S.C. § 544(b). The Committee will not be seriously prejudiced by the Court's unwillingness to create a new transfer avoidance action under section 105(a).

Accordingly, Claim I of the Counterclaim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### B. Counts II and III: Equitable Subordination of the Liens and Avoidance of Liens

Count II of the counterclaim asks the Court to equitably subordinate the Security Interests pursuant to 11 U.S.C. §§ 510(c)(1) and 105(a). Count III of the counterclaim asks the Court to avoid the Security Interests pursuant to 11 U.S.C. § 547. However, for the same reasons discussed above, neither of these actions could affect EMC's rights because of the Assignment.

5

Accordingly, Claims II and III of the Counterclaim should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

An order will be issued contemporaneously with this decision.

# # #

**Service List:**

Gregory P. Amend
1375 E. 9th st.
One Cleveland Center
Cleveland, OH 44114

James W. Ehrman
Kohrman Jackson & Krantz PLL
One Cleveland Center 20th Floor
1375 East Ninth St.
Cleveland, OH 44114-1793

Mary K Whitmer
Kohrman Jackson & Krantz P.L.L.
1375 E. 9th St.
20th Floor
Cleveland, OH 44114

John A Polinko
McDonald Hopkins LLC
600 Superior Avenue
Suite 2100
Cleveland, OH 44114

Tyler L. Mathews
600 Superior Ave. East
#2100
Cleveland, OH 44114

Scott N Opincar
McDonald Hopkins LLC
600 Superior Ave., East
Suite 2100
Cleveland, OH 44114

G. Christopher Meyer
Squire Sanders & Dempsey L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304

Sherri Lynn Dahl
Squire Sanders & Dempsey
4900 Key Tower
127 Public Square
Cleveland, OH 44114