The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



# /S/ RUSS KENDIG

**Russ Kendig**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| I.E. LIQUIDATION, INC., | CASE NO. 06-62179 |
| Debtor. | ADV. NO. 08-06007 |
| MICHAEL VUCELIC, | JUDGE RUSS KENDIG |
| Plaintiff, | **MEMORANDUM OF OPINION** |
| vs. | **(NOT INTENDED FOR** |
| | **PUBLICATION)** |
| IDEAL ELECTRIC COMPANY n/k/a | |
| I.E. LIQUIDATION, INC., et al., | |
| Defendants. | |

On September 21, 2009, Michael Vucelic as an individual and stockholder representative of Electric Machinery Company, Inc. (hereinafter "EMC"), Inge Perlz Vucelic, and Thomas Roller (collectively "the Counter-Defendants") filed a motion for leave to amend their answers to the counterclaim filed by the Committee of Unsecured Creditors of Ideal Electric Company (hereinafter "the Committee") on September 2, 2008. For the reasons

1

discussed below, the Counter-Defendants' motion is now granted subject to certain limits.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## **BACKGROUND**

On June 28, 2005, Ideal Electric Company, now known as I.E. Liquidation Company, (hereinafter "the Debtor") executed a promissory note payable to EMC in the principal amount of $3,750,000 (hereinafter "the Note"). At the same time, the Debtor entered into two security agreements with EMC. The first security agreement granted EMC a security interest in all of the Debtor's then owned or after acquired equipment, and the second security agreement granted EMC a security interest in all of the Debtor's then owned or thereafter acquired assets of any kind (hereinafter collectively "the Security Interests"). The Security Interests were perfected by filings with the Ohio Secretary of State on January 4, 2006. On January 9, 2007, EMC assigned to Michael Vucelic EMC's right, title and interest in the Security Interests, the Note, and the right to collect the balance due under the Note. On April 3, 2007, the Court approved the sale of substantially all of the Debtor's assets to Hyundai Heavy Industries, Inc. (hereinafter "the Hyundai Sale").

This adversary proceeding centers around a dispute over the proceeds of the Hyundai Sale. On January 30, 2008, Michael Vucelic filed an Adversary Complaint to Determine the Validity, Priority or Extent of a Lien or Other Interest in Property. In his complaint, Vucelic alleged that the money received from the Hyundai Sale exceeded the amount needed to pay in full the amount of liens that had priority over the Security Interests and demanded payment. On September 2, 2008, the Committee answered the complaint by virtue of authority granted in a Gibson order;[1] and brought claims against EMC, Michael Vucelic, Inge Perzl Vucelic, and Thomas B. Roller. The personal Counter-Defendants filed amended answers to the counterclaim on December 2, 2008, and EMC answered the counterclaim on April 23, 2009.

On September 21, 2009, the Counter-Defendants filed a motion requesting leave to amend their answers to include affirmative defenses to Count IV of the counterclaim, which alleges preferential transfers. On October 5, 2009, the Committee objected to this relief.

---

[1]Canadian Pac. Forest Prod. Ltd. v. J.D. Irving Ltd. (In re Gibson Group, Inc.), 66 F.3d 1436 (6th Cir. 1995).

On September 17, 2009, the Court issued an amended memorandum order setting deadlines for the conduct of this adversary proceeding. Per the order, the parties will exchange expert witness reports by November 30, 2009, and discovery will continue until February 12, 2010. In addition, the parties are to conduct a private mediation on December 7, 2009.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a)(2), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The parties agree that Rule 15(a)(2) provides the Court with the proper standard for ruling on the Counter-Defendants' motion.

Whether to grant a party leave to amend its pleadings is a question within the discretion of the Court. However, leave should be granted absent a compelling reason. Seals v. Quarterly County Court, 526 F.2d 216, 219 (6th Cir. 1975). The Court should consider several factors in determining whether leave to amend should be granted, including undue delay in filing, lack of notice to opposition, bad faith by the movant, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposition, and whether the amendment would be futile. Wade v. Knoxville Utils. Bd., 259 F.3d 452, 459 (6th Cir. 2001) (citations omitted). Typically, delay by itself is not sufficient reason to deny a motion to amend. Id.

According to the Committee, leave to amend the pleadings should be denied for two reasons. First, the Committee claims that discovery is at such an advanced stage that it would be prejudicial for the Committee to be required to respond to new affirmative defenses. This allegation implicates the factors of undue delay in filing, lack of notice, and undue prejudice.

The Court finds this argument unpersuasive. The delay in filing was not "undue" because the Counter-Defendants assert that they only recently learned of facts that support the affirmative defenses. The notice is sufficient because mediation in this case will not occur until December 7, 2009, and discovery will continue until February 10, 2010. Finally, there is no undue prejudice because the Committee could have reasonably anticipated these defenses in the context of a preference litigation.

Second, the Committee asserts that because the proposed pleadings were not attached to the Counter-Defendants' motion, leave to amend should be denied. Other Courts have suggested that a lack of proposed pleadings may be indicative of bad faith. E.g., Harris v. City of Auburn, 27 F.3d 1284, 1287 (7th Cir. 1994). The Court finds no bad faith here because the motion spells out what the proposed amendments will be. Specifically, the amendment will set forth the traditional preference defenses of setoff, new value, contemporaneous exchange, and ordinary course. The amendments will also set out that the Debtor was solvent at the time of the alleged preferential transfers.

3

Nonetheless, the Committee correctly points out that the Counter-Defendants' motion seeks an open-ended power to amend the pleadings. The Court cannot assess whether amendments that are not specified in the Counter-Defendants' motion would be allowable under the 6th Circuit's six-factor test. Therefore, the Counter-Defendants will only be permitted to amend their answers to add the affirmative defenses specifically mentioned in their motion and to assert that the Debtor was solvent at the time of the transfers.

An order will be issued contemporaneously with this decision.

#     #     #

**Service List:**

Gregory P. Amend
1375 E. 9th St.
One Cleveland Center
Cleveland, OH 44114

James W. Ehrman
Kohrman Jackson & Krantz PLL
One Cleveland Center 20th Floor
1375 East Ninth St.
Cleveland, OH 44114-1793

Mary K Whitmer
Kohrman Jackson & Krantz P.L.L.
1375 E. 9th St.
20th Floor
Cleveland, OH 44114

John A Polinko
McDonald Hopkins LLC
600 Superior Avenue
Suite 2100
Cleveland, OH 44114

Tyler L. Mathews
600 Superior Ave. East
#2100
Cleveland, OH 44114

4

Scott N Opincar
McDonald Hopkins LLC
600 Superior Ave., East
Suite 2100
Cleveland, OH 44114

G. Christopher Meyer
Squire Sanders & Dempsey L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304

Sherri Lynn Dahl
Squire Sanders & Dempsey
4900 Key Tower
127 Public Square
Cleveland, OH 44114

5